## McLaughlin & Stern, LLP v Rocketstar, Inc.

### 2026 NY Slip Op 30988(U)

### March 16, 2026

### Supreme Court, New York County

### Docket Number: Index No. 154260/2025

### Judge: James d'Auguste

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **Hon. James E. d'Auguste**                    **PART 55**

*Justice*

---------------------------------------------------------------------------X

MCLAUGHLIN & STERN, LLP,

                    Plaintiff,

- v -

ROCKETSTAR, INC., CHRISTOPHER CRADDOCK,

                    Defendants.

---------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 154260/2025 |
| **MOTION DATE** | 11/19/2025 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 73

were read on this motion to/for          VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Defendants Rocketstar Inc. ("Rocketstar") and Christoper Craddock ("Craddock")

seek, pursuant to CPLR 5015(a), to vacate a money judgment entered on default.  The motion

is denied.

On March 31, 2025, plaintiff McLaughlin and Stern, LLP ("MS") commenced this

action by filing a summons and verified complaint.  NYSCEF Doc. Nos. 1, 2.  On April 4,

2025, Rocketstar was served via the New York Secretary of State.  NYSCEF Doc. No. 6.  On

April 8, 2025, Craddock was personally served with process.  NYSCEF Doc. No. 7.  After

defendants failed to appear in this action, defendants were each served with an "additional

mailing" of the pleadings.  NYSCEF Doc. Nos. 8, 9.  On July 30, 2025, a money judgment

was entered against defendants.

On or about August 4, 2025, information subpoenas were served on defendants, which

were apparently ignored.  On November 10, 2025, Dime Savings Bank received an

[* 1]

information subpoena and restraining notice. NYSCEF Doc. Nos. 29, 31. On November 12, 2025, Dime notified Rocketstar that it was complying with the restraining notice.

On November 18, 2025, defendants filed the instant application seeking to vacate the default judgment entered against them. To be entitled to the requested relief, defendants were required to demonstrate both a reasonable excuse for their default and a potentially meritorious defense. *979 Second Avenue, LLC v. Chao*, 227 A.D.3d 436, 436 (1st Dep't 2024). Here, defendants failed to demonstrate either a reasonable excuse for their default in appearing or a potentially meritorious defense to the allegations asserted in this action.

As an initial matter, defendants failed to demonstrate a reasonable excuse for defaulting in this action. Rocketstar was properly served via the New York Secretary of State. Craddock was personally served with process at his home. Thereafter, defendants received "additional mailings" of the pleadings prior to the entry of a default judgment in this matter. Defendants provide no legitimate basis for having ignored a known lawsuit. Under the circumstances, defendants do not have a reasonable excuse for their failure to appear and contest this matter. On this basis alone, the motion is required to be denied. *J.C. by Sanabria v. 2078 Arthur, LLC*, 244 A.D.3d 530, 531 (1st Dep't 2025) (noting that it is unnecessary to consider a potentially meritorious defense when movant fails to demonstrate a reasonable excuse for a default); *Wilmington Savings Fund Society, FSB v. Cabadiana*, 230 A.D.2d 831, 832-33 (2d Dep't 2024) (same).

Although academic, in view of the complete absence of a reasonable excuse for having defaulted in this matter, the Court notes that defendants have also failed to demonstrate a potentially meritorious defense in this matter. MS performed legal services for defendants. They mailed bills month after month, which were not disputed. Defendants

**154260/2025 MCLAUGHLIN & STERN, LLP vs. ROCKETSTAR, INC. ET ANO** Page 2 of 4
**Motion No. 002**

2 of 4

promised payment on the outstanding bills in an email, but reneged on this commitment. In contrast to overwhelming support for liability under account stated and breach of contract theories of recovery, defendants assert little more than belated vague and conclusory assertions that are insufficient to show any potential basis for casting doubt on their liability for the sums awarded in the default judgment previously entered against them.

The only assertion that warrants an additional discussion is defendants' contention that MS failed to properly serve defendants with a Notice of Client's Rights to Fee Arbitration due to delivery of the notice to defendants' attorney, Michael Ledley, Esq., rather than directly to defendants. NYSCEF Doc. No. 30. On January 31, 2025, Donald Pearce sent defendants an email attaching a letter demanding payment for the outstanding debt. NYSCEF Doc. No. 44. On February 6, 2025, Craddock sent a responsive email stating: "Please direct all communications to Michael Ledley, counsel for Rocketstar. He has been cc'd on this e-mail." NYSCEF Doc. No. 45. Thereafter, Pearce directly emailed Ledley, who confirmed that he was representing defendants. NYSCEF Doc. No. 46. In conformance with defendants' directive to communicate with their counsel and Pearce's ethical obligations under 22 NYCRR 1200.33(a), Pearce sent a Notice of Client's Right to Arbitrate and Client Request for Fee Arbitration to Ledley via email and certified first class mail return receipt requested. NYSCEF Doc. No. 47. Notably, Pearce communicated this to defendants' current counsel, Marc Elliot, Esq. NYSCEF Doc. No. 57. Given the foregoing, MS complied with 22 NYCRR 137.6 by giving notice in the manner requested by defendants and consistent with the ethical obligations of plaintiff's counsel. None of the cases relied upon by defendants support a different result.

**154260/2025  MCLAUGHLIN & STERN, LLP vs. ROCKETSTAR, INC. ET ANO**  Page 3 of 4
**Motion No.  002**

[* 3]                                                       3 of 4

As defendants failed to meet their burden on the application seeking to vacate the default judgment entered against them, the motion is denied.

This constitutes the decision and order of the Court.

<table>
<tr><td>__3/16/2026__<br>**DATE**</td><td colspan="2"></td><td></td><td>**James d'Auguste, J.S.C.**</td><td></td></tr>
<tr><td>**CHECK ONE:**</td><td>☐</td><td>CASE DISPOSED</td><td>**X**</td><td>NON-FINAL DISPOSITION</td><td></td></tr>
<tr><td></td><td>☐</td><td>GRANTED    **X**   DENIED</td><td>☐</td><td>GRANTED IN PART</td><td>☐ OTHER</td></tr>
<tr><td>**APPLICATION:**</td><td>☐</td><td>SETTLE ORDER</td><td>☐</td><td>SUBMIT ORDER</td><td></td></tr>
<tr><td>**CHECK IF APPROPRIATE:**</td><td>☐</td><td>INCLUDES TRANSFER/REASSIGN</td><td>☐</td><td>FIDUCIARY APPOINTMENT</td><td>☐ REFERENCE</td></tr>
</table>